The document below is hereby signed.

Signed: August 8, 2017



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROTINI, INC., | ) | Case No. 17-00270 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

### MEMORANDUM DECISION AND ORDER REQUIRING THE DEBTOR'S ATTORNEY TO FILE A FURTHER AMENDED RULE 2016(b) STATEMENT

The debtor's attorney's amended Rule 2016(b) statement attaches a retention agreement[1] in which it is stated:

> **4. The Coyle Law Group**
>
> It is expressly understood and agreed that Michael Coyle of the The Coyle Law Group, LLC ("CLG") will work on your case and a motion for pro hac vice admission will be filed shortly after the bankruptcy cases are commenced. It is further agreed, that subject to court approval, LOMF and CLG will share in compensation on a pro-rata basis for work completed post-petition and share in compensation pre-petition for work completed without Court approval.

This agreement raises the possibility that the prohibition on fee sharing in 11 U.S.C. § 504(a) with respect to compensation to be awarded in the case may be violated both as to postpetition work

---

[1] The retention agreement related as well to the representation of TK Restaurant Management, Inc. as a debtor.

and prepetition work.  The attorney's amended Rule 2016(b) statement includes a footnote stating that "[a]t this time, the Debtor is not planning on employing The Coyle Law Group for post-petition services."  However, that could change, and, in any event, if compensation is sought and awarded for prepetition work, § 504(a) would apply to an award of such compensation as to which a fee sharing arrangement applies.

Two law firms can work on a case together, each receiving an award of compensation for the work it does, but  the debtor (as a debtor in possession generally subject under 11 U.S.C. § 1107(a) to the duties of a trustee), is subject to the obligation to employ professionals only with court authorization.  The agreement to share fees "on a pro rata basis" may entail something different than each firm being compensated only for the work it does, with a sharing of fees on a pro rata basis running afoul of § 504(a).  The retainer agreement does not define the term "share in compensation on a pro-rata basis."  The debtor may never employ the CLG law firm to assist in the postpetition case (which may be the predicate for sharing in fees for postpetition work awarded in the case).  However, the retainer agreement embodied an agreement to share fees, and Rule 2016(b) required the debtor's attorney to disclose "the particulars of any such sharing or agreement to share."  Accordingly, the particulars of the agreement ought to be disclosed.

Some courts have held that § 504 extends its prohibition against the sharing of any attorney's fees paid to fees received prepetition for prepetition work that may be examined by the court pursuant to 11 U.S.C. § 329. *In re Soulisak*, 227 B.R. 77, 82-83 (Bankr.E.D.Va.1998); *In re Matis*, 73 B.R. 228, 231-32 (Bankr. N.D.N.Y. 1987) ((prepetition fee-sharing arrangement "was in obvious violation of Code § 504(a)").[2]  Those decisions may take too broad a view of § 504, which refers to compensation awarded by the court.  However, if the debtor's attorney seeks an award of fees for prepetition work, § 504 *would* apply to any award as to which any fee sharing agreement exists.  In any event, the retainer agreement is silent regarding the basis upon which fees for prepetition work are to be shared, and Fed. R. Bankr. P. 2016(b) (requiring disclosure of "the particulars of any such sharing or agreement to share") mandates a fuller disclosure in that regard, even if no fees will be sought from the estate regarding such work.[3]  It is thus

ORDERED that within 21 days after entry of this order, the debtor's attorney shall supplement his amended statement under Fed. R. Bankr. P. 2016(b):

---

[2] There is nothing to suggest that the prepetition work at issue was performed other than during the one-year period of § 329 preceding the commencement of this bankruptcy case.

[3] It is unclear whether the debtor's attorney will seek an award of fees for such prepetition work, and for which § 504(a) would bar sharing of the fees.

(1) to disclose the particulars of the agreement regarding sharing compensation for postpetition work (including explaining what the term "share in compensation on a pro-rata basis" in the retainer agreement means regarding fees awarded for postpetition services); and

(2) to disclose the particulars of the agreement regarding sharing compensation for prepetition work.

It is further

ORDERED that within 14 days after the debtor's attorney complies with the foregoing, the United States Trustee (and any other party in interest) may file a memorandum addressing whether the debtor's attorney has fully complied with Fed. R. Bankr. P. 2016(b).

[Signed and dated above.]

Copies to: Debtor's attorney; Office of United States Trustee.