The document below is hereby signed.

Signed: June 27, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROTINI, INC., | ) | Case No. 17-00270 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DIRECTING APPOINTMENT OF TRUSTEE AND ADDRESSING MATTERS RELATED TO CONVERSION OR DISMISSAL OF CASE

The hearing of June 14, 2018, addressed the *District of Columbia's Motion to Dismiss or Convert Debtor's Chapter 11 Proceeding* (Dkt. No. 43); the United States Trustee's *Motion to Convert Case to Chapter 7* (Dkt. No. 95); and the debtor's *Motion for Reconsideration of Memorandum Decision and Order re District of Columbia's Motion for Summary Judgment* (Dkt. No. 133).

The court determined that the latter motion had to be denied: there was no error in granting the District of Columbia's motion for summary judgment. However, in granting that motion, the court ruled that conversion or dismissal was required on the basis that the debtor had not urged that the court should appoint a trustee. At the hearing, the United States Trustee requested

the appointment of a Chapter 11 trustee, and the prior ruling on the District of Columbia's motion for summary judgment did not preclude consideration of that request. The Bankruptcy Code, under 11 U.S.C. § 1112(b)(1), contemplates that the case ought not be dismissed or converted when the court determines that appointment of a trustee is in the best interests of creditors and the estate.[1] The court determined that appoint of a Chapter 11 trustee was warranted for the following reasons.

As to the question of whether to convert or dismiss the case, the United States Trustee advocated conversion to Chapter 7 (unless a Chapter 11 trustee were appointed) and the District of Columbia, the debtor's landlord, and the debtor advocated dismissal of the case. Ordinarily, unsecured creditors are entitled to have the case converted to Chapter 7 so that a trustee can explore whether avoidance actions or liquidation of assets could generate a dividend for unsecured creditors.

It was uncertain whether anything would be accomplished by converting the case to Chapter 7. However, it may be that a Chapter 11 trustee's examination of the debtor's affairs will lead to a conclusion that nothing would be accomplished in Chapter 7, in which event it would not make sense to convert the

---

[1] Under 11 U.S.C. § 1112(b)(1), dismissal or conversion was required "unless the court determines that the appointment under section 1104(a) of a trustee . . . is in the best interests of creditors and the estate."

2

case to Chapter 7.

A Chapter 11 trustee might also explore proposing a plan (whether a liquidation plan or reorganization plan) that might be acceptable to creditors. Under *In re Riviera Drilling & Exploration Co.*, 502 B.R. 863 (10th Cir. BAP 2013), a trustee or a creditor may file a plan even after the debtor failed to file a plan within the 300-day limit that 11 U.S.C. § 1121(e)(2) imposes as a deadline for the debtor to file a plan.

The United States Trustee, as noted, urged the appointment of a Chapter 11 trustee, and the debtor did not object to the appointment of a Chapter 11 trustee in lieu of converting the case to Chapter 7. The District of Columbia objected to a Chapter 11 trustee being appointed, and indicated it would prefer a conversion to Chapter 7 if the case is not dismissed. The court concluded that a Chapter 11 trustee will adequately protect the District of Columbia's interests if the case is not immediately converted to Chapter 7 or dismissed, and that appointing a Chapter 11 trustee made sense for reasons discussed above.

Although I will not dismiss or convert the case at this juncture, I will not dismiss the pending motions regarding conversion or dismissal of the case. Instead, I will defer acting on those motions until the Chapter 11 trustee is in a position to be heard on those matters (conversion or dismissal or

3

pursuit of a Chapter 11 plan) that a trustee is required to address under 11 U.S.C. § 1106(a)(5).[2]  In light of the foregoing, and for the reasons stated at the hearing, it is

ORDERED that the United States Trustee shall appoint a trustee.  It is further

ORDERED that the hearing on the District of Columbia's *Motion to Dismiss or Convert Debtor's Chapter 11 Proceeding* (Dkt. No. 43) and the United States Trustee's *Motion to Convert Case to Chapter 7* (Dkt. No. 95) is continued to August 22, 2018, at 10:30 a.m., but for cause shown by motion may be re-set for an earlier or later date.  It is further

ORDERED that *Motion for Reconsideration of Memorandum Decision and Order re District of Columbia's Motion for Summary Judgment* (Dkt. No. 133) is DENIED as no error was demonstrated in directing conversion or dismissal of the case (unless a Chapter 11 trustee were appointed).

[Signed and dated above.]

Copies to: Recipients of e-notifications of orders.

---

[2] Under 11 U.S.C. § 1106(a)(5), a trustee shall "as soon as practicable, file a plan under section 1121 of this title, file a report of why the trustee will not file a plan, or recommend conversion of the case to a case under chapter 7, 12, or 13 of this title for dismissal of the case[.]"