The document below is hereby signed.

Signed: August 15, 2019



*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROTINI, INC., | ) | Case No. 17-00270 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
CONDITIONALLY DENYING MOTION FOR EMERGENCY HEARING

Papardelle, Inc. is the purchaser of Rotini, Inc.'s assets under a sale by the chapter 7 trustee approved by the court, and is the current operator of the debtor's former restaurant, *Ristorante Piccolo*. Papardelle has filed an *Emergency Motion for Determination That Trustee's Sale Complied with the District of Columbia Bulk Sales Act, or in the Alternative, That the District of Columbia Waived All Rights under the D.C. Bulk Sales Act* ("*Emergency Motion*") (Dkt. No. 271) wherein Papardelle asserts that the District of Columbia has asserted a liability in the amount of the original purchase price, $125,000.00, against Papardelle for violation of the Bulk Sales Act, D.C. Code §§ 47-4461 through 47-4463, and that the District of Columbia has

forced the closing of Papardelle's operations for failing to pay the liability.  Papardelle asserts that no liability arose under the Bulk Sales Act.  Papardelle has also filed a *Praecipe* (Dkt. No. 272) wherein it seeks an emergency hearing on the *Emergency Motion*.  However, Papardelle has not shown that an emergency exists to warrant an emergency hearing on the *Emergency Motion*, and the motion for an emergency hearing will be denied, without prejudice to Papardelle showing that an emergency does exist necessitating an emergency hearing.

I

A brief history of this case is necessary to understand the court's reasoning.  This case was initiated on May 6, 2017, by the debtor's filing a voluntary petition under chapter 11 of the Bankruptcy Code.  The District of Columbia filed a timely proof of claim on May 16, 2017 (Proof of Claim No. 1-2) asserting a secured debt of $662,799.62.  The debtor never filed an objection to the District of Columbia's proof of claim, and the claim is an allowed claim.

Marc Albert was appointed as the chapter 11 Trustee on July 5, 2018.  Albert recommended the conversion of the case to chapter 7, and the case was converted to chapter 7 on July 25, 2018, with Marc Albert appointed as the chapter 7 trustee.  Albert filed *Trustee's Motion for Authority to Sell Property Free and Clear of Any and All Liens and Interests Pursuant to 11*

2

*U.S.C. § 363* (Dkt. No. 173) on August 1, 2019, wherein he sought to sell the property subject to liens, and gave notice to all parties, including the District of Columbia, of his intention to sell the debtor's assets.  That notice included all the notice required by the Bulk Sales Act, D.C. Code § 47-4461.  The sale was approved on August 10, 2018, by the court's *Order Granting Trustee's Sale Motion and Authorizing Sale Subject to All Liens* (Dkt. No. 194) authorizing the sale to "S. George Behestian, or his assigns."

S. George Behestian assigned the right to purchase the assets to Papardelle which has operated the debtor's former restaurant *Ristorante Piccolo*.  On October 16, 2018, the District of Columbia notified Papardelle that it is liable for the Rotini, Inc. debt in the amount of $125,000.00, the original purchase price, for violation of the Bulk Sales Act.  The District of Columbia allegedly closed the restaurant previously in February 2019, pursuant to the Bulk Sales Act, and Papardelle had sought an emergency hearing on February 14, 2019, regarding that closure.  A hearing was set (Dkt. No. 239) for February 14, 2019, to hear that matter, but the motion was withdrawn by Papardelle before the hearing was held, because the District of Columbia had allowed the restaurant to be reopened.

The current *Emergency Motion* and accompanying *Praecipe* were filed on August 14, 2019, and assert that the District of

Columbia has again closed the restaurant pursuant to failure to pay the Bulk Sales Act, and again requesting an expedited hearing. The motion does not assert that the District of Columbia has a judgment for enforcement of the asserted Bulk Sales Act liabilities or that it has sued for such a judgment.

II

The court has jurisdiction to decide whether the Bulk Sales Act was inapplicable pursuant to its *Order Granting Trustee's Sale Motion and Authorizing Sale Subject to All Liens*. "Bankruptcy courts plainly have subject matter jurisdiction to interpret and enforce their own orders." *In re Friede Goldman Halter, Inc.*, 602 B.R. 307, 311 (Bankr. M.D. La. 2019).

Papardelle seeks an emergency hearing on the *Emergency Motion* but has not established that an emergency exists necessitating the need for an emergency hearing to determine whether the Bulk Sales Act applied to the sale. Papardelle asserts that the District of Columbia forced the closing of Papardelle's operations for its failure to pay the Bulk Sales Act assessment. The Bulk Sales Act may place a personal liability on Papardelle, as the purchaser of the debtor's personal property, for any violation of the Bulk Sales Act. However, Papardelle has not explained how the Bulk Sales Act provides the District of Columbia with authority to seize the property, or close the property, other than through the usual process of first obtaining

a judgment and then proceeding to execute on that judgment. There is no assertion that the District of Columbia has obtained a judgment under the Bulk Sale Act, or even has commenced an action to recover such a judgment, in order to enforce the collection of its assessment of $125,000.00.  Without any indication that the District of Columbia has obtained a judgment under the Bulk Sales Act, or even commenced an action for such a judgment, there does not appear to be any need, on an emergency basis, to decide whether the sale was subject to the Bulk Sales Act.  Moreover, if a judgment has been entered, the judgment would ordinarily be binding on Papardelle.

On the other hand, the sale of assets transferred the assets subject to liens.  Accordingly, the District of Columbia retains tax liens of $662,799.62 on the assets that were sold.  The District of Columbia would likely be well within its rights to seize the property to collect on its liens.  Papardelle has not shown that the closing of Papardelle's operations was pursuant to some mechanism asserted by the District of Columbia for collecting the asserted liability under the Bulk Sales Act, and not pursuant to the District of Columbia's liens on the property.

                                III

For the foregoing reasons, it is

ORDERED that Papardelle's *Praecipe* (Dkt. No. 272) is DENIED without prejudice to Papardelle filing an amended praecipe

establishing the need for an emergency hearing to address the Bulk Sales Act issue by establishing that the District of Columbia has closed Papardelle's operatons pursuant to the Bulk Sales Act and not pursuant to any liens that the District of Columbia retains on the assets Papardelle purchased.  It is further

ORDERED that if Papardelle promptly files a praecipe establishing such a reason for holding an emergency hearing, the court will direct that a hearing will be held on the *Emergency Motion* (Dkt. No. 271) on August 16, 2019, at 2:00 p.m.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.