The document below is hereby signed.

Signed: August 16, 2019



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ROTINI, INC., | ) | Case No. 17-00270 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING REQUEST FOR EMERGENCY HEARING

Papardelle, Inc., the purchaser of Rotini, Inc.'s assets under a sale by the chapter 7 trustee approved by the court, and the current operator of the debtor's former restaurant, *Ristorante Piccolo*, is requesting an emergency hearing regarding the District of Columbia's closing the restaurant. This request will be denied.

I

As already briefly stated in the court's *Memorandum Decision and Order Conditionally Denying Motion for Emergency Hearing* ("*Memorandum Decision*") (Dkt. No. 274), Papardelle acquired the assets of the debtor under a sale by the chapter 7 trustee. The sale was made subject to all liens.

Papardelle filed an *Emergency Motion for Determination That Trustee's Sale Complied with the District of Columbia Bulk Sales Act, or in the Alternative, That the District of Columbia Waived All Rights under the D.C. Bulk Sales Act* ("*Emergency Motion*") (Dkt. No. 271) wherein Papardelle asserted that the District of Columbia asserted a liability in the amount of the original purchase price, $125,000.00, against Papardelle for violation of the Bulk Sales Act, D.C. Code §§ 47-4461 through 47-4463, and that the District of Columbia had forced the closing of Papardelle's operations for failing to pay the liability. Papardelle asserted that no liability arose under the Bulk Sales Act.  Papardelle has also filed a *Praecipe* (Dkt. No. 272) wherein it sought an emergency hearing on the *Emergency Motion*.  The court issued its *Memorandum Decision*, wherein it conditionally denied the request for an emergency hearing upon Papardelle filing a new *Praecipe* showing that an emergency exists warranting the holding of an emergency hearing to address the Bulk Sales Act issue.

The District of Columbia, subsequent to the court issuing its *Memorandum Decision*, has filed an *Opposition of the District of Columbia to Papardelle's Emergency Motion for Determination That Trustee's Sale Complied with the District of Columbia Bulk Sales Act, or in the Alternative, That the District of Columbia Waived All Rights under the D.C. Bulk Sales Act* ("*Opposition*")

(Dkt. No. 275). The District of Columbia asserts that the court does not have jurisdiction over this matter, and that Papardelle is mistaken in its belief that the closing of *Ristorante Piccolo* is due to its failure to pay the asserted liability under the Bulk Sales Act. In fact, the closure was due to the District of Columbia exercising its legal rights to enforce its tax liens by levy pursuant to D.C. Code § 47-4471.

Papardelle has filed a response to the court's *Memorandum Decision* wherein Papardelle contends that it is significantly harmed by the closure of the restaurant, but fails to establish how the closure is pursuant to its failure to pay the asserted personal liability of Papardelle under the Bulk Sales Act. Accordingly, Papardelle has not shown that it needs an expedited hearing to address the issue of its personal liability under the Bulk Sales Act. It also has filed *Papardelle 1068, LLC'S Reply to the Opposition of the District of Columbia to the Emergency Motion for Determination That Trustee's Sale Complied with the District of Columbia Bulk Sales Act, or in the Alternative, That the District of Columbia Waived All Rights under the D.C. Bulk Sales Act* (Dkt. No. 277) wherein Papardelle contends that it has not assumed the debtor's tax liability and that the District of Columbia's liens do not attach to assets acquired after the sale.

II

Papardelle has not shown that it is entitled to an emergency

hearing. It appears that Papardelle, pursuant to its reply to the District of Columbia's *Opposition*, has abandoned the argument that the closure of the restaurant is pursuant to Papardelle's failure to pay the alleged liability under the Bulk Sales Act. Instead of attempting to show that the District of Columbia has closed the restaurant under the Bulk Sales Act, Papardelle argues that Papardelle has not assumed the debtor's tax liabilities and that the District of Columbia's tax liens have not attached to the assets Papardelle owns other than those purchased from the trustee.

This court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b) to decide whether the District of Columbia has engaged in a wrongful tax levy by seizing assets of Papardelle that are not subject to the tax liens for tax debts the debtor owes. As explained in *Majidy v. Bello (In re Bello)*, No. 17-10035, 2018 WL 1882910, at *2 (Bankr. D.D.C. April 17, 2018):

> Section 1334(b) provides that the court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Cases arise under title 11 when "a claim is made under a provision of title 11." Collier on Bankruptcy ¶ 3.01[3][e][i] (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 445 (1977) ). Essentially, these are cases where the cause of action is created by title 11. Arise in jurisdiction, on the other hand, relates to cases with "'administrative' matters that only arise in bankruptcy. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside bankruptcy." *In re Wood*, 825 F.2d 90, 96-97, (5th Cir. 1987). Finally, related to proceedings are cases where "the outcome of the proceeding could conceivably have an

4

    effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) overruled in part by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

The trustee sold certain assets to Papardelle with those assets remaining subject to the District of Columbia's tax liens for tax debts owed by the debtor, and hence subject to levy under D.C. Code § 47-4471 to collect the tax debts. A proceeding to determine whether some of the assets seized by the tax levy are *not* among the assets the trustee sold (such that there has been a wrongful levy) is not a proceeding fitting within § 1334(b). First, such a dispute does not arise under the Bankruptcy Code. Second, the dispute does not arise in the case as it is not a matter of interpretation of the court's sale order and does not otherwise entail a matter arising incident to the administration of the estate. Indeed, the trustee has concluded his administration of the estate. Finally, the dispute is not related to the bankruptcy case: resolution of the dispute will have no impact on the bankruptcy estate.

                              III

    For the foregoing reasons, it is

    ORDERED that Papardelle's request for an emergency hearing is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.